## OFFIELD v. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

### ERROR TO THE SUPREME COURT OF ERRORS OF THE STATE OF CONNECTICUT.

No. 59. Argued October 25, 1906.—Decided December 3, 1906.

Where plaintiff in error contends that the purpose for which his property has been condemned is not a public use; that the condemnation is unnecessary in order to obtain the desired end; and that the proceedings and state statute on which they are based violate the due process clause of the Fourteenth Amendment and impair contract rights, Federal questions are involved and, if not frivolous, the writ of error will not be dismissed.

It is within the power of a State to provide for condemnation of minority shares of stock in railroad and other corporations where the majority of the shares are held by another railroad corporation if public interest demands; and the improvement of the railroad owning the majority of stock of another corporation may be a public use if the state courts so declare, and the condemnation under §§ 3694, 3695, Public Laws of Connecticut, of such minority shares of a corporation is not void under the impairment clause of the Constitution either because it impairs the obligation of a lease made by the corporation to the corporation obtaining the shares by condemnation, or because it impairs the contract rights of the stockholder.

78 Connecticut, 1, affirmed.

THE facts are stated in the opinion.

*Mr. Edward H. Rogers* and *Mr. W. H. H. Miller*, with whom *Mr. Charles K. Bush* was on the brief, for plaintiff in error:

The statute is based upon the principle of eminent domain,

and the real, and indeed the only, reason which the state court had to justify its decision was that every railroad is a public trust, and that the State can exercise the power of eminent domain so far as may be necessary to secure the property taken being put to the best use in fulfilment of the trust for a public use.

The right of eminent domain can only be legally exercised when the property taken is taken for a public use. The right is not a creature of grant. It is one of the inherent powers of sovereignty. In some States, as in Connecticut, it is recognized by the constitution, § 11, art. I, const. of Connecticut; *Farist Steel Co.* v. *Bridgeport Co.,* 60 Connecticut, 278, 291.

The condemnation of the stock is not a taking for a public use. The question of what is a public use is always one of law. Cooley's Const. Lim., 774; *Re Niagara Falls* v. *Whirlpool R. W. Co.,* 108 N. Y. 375; *In re Split Rock Cable Road Co.,* 128 N. Y. 408; 1 Lewis on Em. Domain, § 163.

The use of a thing is strictly and properly the employment of the thing in some manner, and this employment must be something more than a merely incidental public benefit. Cases *supra* and *Re Eureka Basin Warehouse Co.,* 96 N. Y. 42; *Varner* v. *Martin,* 21 West Va. 534, 552.

Unless it be proposed to subject the property taken to a use public in its nature not already within the charter powers of the New Haven and Derby Railroad Company, the power of eminent domain should not be exercised. There can be no necessity for or propriety in the taking unless the rights of the public with reference to the property taken are to be enlarged, and that directly and actually, and not indirectly and constructively. For definitions of public use see *Evergreen Cemetery Association* v. *Beecher,* 53 Connecticut, 551; *Avery* v. *Vermont Electric Co.,* 75 Vermont, 235; *Re Rhode Island Suburban Ry. Co.,* 28 R. I. 457, 461; *Berrien Springs Water Co.* v. *Berrien,* 133 Michigan, 48. *Black* v. *Delaware & Raritan R. R. Co.,* 24 N. J. Eq. 455, distinguished.

There is no right in the majority holders of a corporation

to extinguish the rights and stock of a dissenting minority
by taking their shares at a valuation. If a majority of the
stockholders of the New Haven and Derby Railroad Com-.
pany had undertaken to transfer the defendant's stock against
his wishes, they could have been enjoined by him. *Clear-
water* v. *Meredith*, 1 Wall. 25; *Stevens* v. *Rutland & B. R. R.
Co.*, 29 Vermont, 545.

The actual taking was dependent upon a finding by a judge
of the state court that the purchase would be for the public
interest, which finding is an exercise of the judicial power
which is vested in the Superior Court of the State of Connecti-
cut, or a judge thereof, by the constitution of that State.
*New Milford Water Co.* v. *Watson*, 75 Connecticut, 237; *Nor-
walk Street Ry. Co.'s Appeal*, 69 Connecticut, 576, 601, 608;
*Betts* v. *Connecticut Indemnity Association*, 71 Connecticut,
751, 755.

Neither can the decision of the Connecticut court be justified
on the ground that the proceeding is a dissolution proceeding.

A taking for a private use is unlawful, and even if there can
be any lawful taking under the statute, it is inseparably
blended in the application with the unlawful one; where the
proceeding shows upon its face, as this does, two distinct
uses or purposes, one lawful and the other not, which are so
inseparably blended as not to be separable, it cannot be sus-
tained. 7 Ency. of Pl. & Pr., 527; *Chicago & N. W. R. R.
Co.* v. *Galt*, 133 Illinois, 657.

The statute as applied in this case impairs a contract.

The statute being an invalid enactment under the Con-
stitution of the United States, this court has jurisdiction of
this writ of error.

It is a taking for a private purpose. *Traction Co.* v. *Min-
ing Co.*, 196 U. S. 239; *C., B. & Q. R. R. Co.* v. *Chicago*, 106
U. S. 226, 241; *Missouri R. R. Co.* v. *Nebraska*, 164 U. S.
403, 417.

A State has no constitutional right to say that a private
use is a public use, or to pervert the doctrine of eminent

domain by declaring that any private purpose is a public purpose. *Tracy* v. *Elizabethtown R. R. Co.*, 80 Kentucky, 259, 265.

The right of the plaintiff in error as a stockholder of the New Haven and Derby Railroad Company is a contract right which the Supreme Court of Errors of the State of Connecticut has by its action impaired.

The stock taken is not put to any public use. Indeed it may not be put to a public use if the taker so decides, and the only possible interest which the public have or may have is remote and indirect.

*Mr. George D. Watrous*, with whom *Mr. Edward G. Buckland* was on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This writ of error brings up for review a judgment of the Supreme Court of Errors of the State of Connecticut, rendered in a proceeding under the statutes of that State for the condemnation of two shares of stock owned by plaintiff in error in the New Haven and Derby Railroad Company.

There was a demurrer to the application, which was overruled by the advice of the Supreme Court of Errors, the judgment on demurrer having been reserved, under the practice of the State, for the advice and consideration of that court. 77 Connecticut, 417. Upon the hearing judgment was rendered for defendant in error, which was affirmed by the Supreme Court of Errors. 78 Connecticut, 1.

Defendant in error is the lessee of the New Haven and Derby Railroad Company, and has acquired all of the shares of stock of the latter road except the two shares owned by plaintiff in error.

That the lease and acquisition of stock are valid under the laws of the State is decided by the Supreme Court of Errors, and it is sought by proceedings under review to obtain the two

shares of stock owned by plaintiff in error, under sections 3694 and 3695 of the Public Laws of Connecticut, which are as follows:

"SEC. 3694. In case any railroad company, acting under the authority of the laws of this State, shall have acquired more than three-fourths of the capital stock of any steamboat, ferry, bridge, wharf, or railroad corporation, and cannot agree with the holders of outstanding stock for the purchase of the same, such railroad company may, upon a finding by a judge of the Superior Court that such purchase will be for the public interest, cause such outstanding stock to be appraised in accordance with the provisions of section 3687. When the amount of such appraisal shall have been paid or deposited as provided in said section, the stockholder or stockholders whose stock shall have been so appraised shall cease to have any interest therein, and on demand shall surrender all certificates for such stock, with duly executed powers of attorney for transfer thereon, to the corporation applying for such appraisal.

"SEC. 3695. If any person holding a minority of the shares of stock in any corporation referred to in section 3694 cannot agree with the railroad company owning three-fourths of such stock for the purchase of his shares he may cause the same to be appraised in accordance with the provisions of section 3687. When such appraisal has been made and recorded in the office of the clerk of the Superior Court of any county where such railroad company operates a railroad, and the certificates for such stock, with duly executed powers of attorney for transfer thereon, have been deposited with such clerk for such railroad company, such appraisal shall have the effect of a judgment against such company and in favor of the holder of such stock, and at the end of sixty days, unless such judgment is paid, execution may be issued."

The purpose of the acquisition of the stock is to enable defendant in error to improve the New Haven and Derby Railroad.

It is contended by plaintiff in error (1) that the purpose for which the stock is sought to be obtained is not a public use. (2) That defendant in error has the power and authority to make the improvements mentioned in its application, which would be as advantageous as taking the stock. (3) The proceedings and statutes are in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States, and impair the contract rights of plaintiff in error as stockholder of the New Haven and Derby Railroad Company, and his rights in, under and by virtue of the lease to defendant in error.

These contentions raise a Federal question, and we cannot say that it is frivolous. The motion to dismiss is, therefore, denied.

(1) The power of the State to declare uses of property to be public has lately been decided in *Clark* v. *Nash*, 198 U. S. 361, and in the case of *Strickley* v. *Highland Boy Mining Company*, 200 U. S. 527. These cases exhibit more striking examples of the power of a State than the case at bar. In the first case the statute of the State permitted an individual to enlarge the ditch of another to obtain water for its own land; in the second case the statute authorized the condemnation of a right of way to transport ore from a mine to a railroad station. In the first case it was said that the public policy of the State declaring the character of use of property depends upon the facts surrounding the subject. In the second case it was said, commenting on the first, "it provided that there might be exceptional times and places in which the very foundations of public welfare cannot be laid without requiring concessions from individuals to each other upon due compensation, which under other conditions would be left wholly to voluntary consent." The case at bar does not need the support of such broad principles. The ultimate purpose of defendant in error in the case at bar is the improvement of the New Haven and Derby Railroad, which "connects [we quote from the opinion of the Supreme Court of Errors], at

New Haven, on the east with four, and at its western terminals with two, important railroad lines owned by plaintiff (defendant in error), and forms a link in an all-rail route between Boston and the West, which is the only one controlled by it over which goods can be transported with assured dispatch in all weathers and seasons." In this purpose the public has an interest and to accomplish it the court applied the statute. The court observed: "To develop this route so as best to serve the public interest requires the laying of additional tracks on the New Haven and Derby Railroad and other extensive and very costly improvements. The lessor company has neither means nor credit whereby this can be effected on advantageous terms. The plaintiff could and will effect it, and at much less cost, if it can acquire the two outstanding shares of stock of the lessee. They are owned by the defendant, who refuses to agree on the terms of purchase."

(2) The contract which it is contended was impaired is the lease of the New Haven and Derby Railroad by defendant in error. The lease is for a period of ninety-nine years from July 1, 1892, at a rental of four per cent. per annum upon the capital stock, together with the payment of taxes, assessments and interest upon the funded debt. Associated with this contention there is another more general, to the effect that the statute impairs the contract rights of plaintiff in error as a stockholder of the New Haven and Derby Railroad Company. We do not find it necessary to give precise and separate discussion to these contentions. They seem to us to be but parts or incidents of the contention that the stock is sought for a private use. If they are not incidents of that they are answered and opposed by the case of *Long Island Supply Company* v. *Brooklyn*, 166 U. S. 685. Whatever value the lease gives the shares of stock will be represented in their appraisement.

*Judgment affirmed.*