SIMON BELOFF et al., Individually and on Behalf of Themselves and All Other Stockholders, Similarly Situated, of Brooklyn Edison Company, Inc., Appellants, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, et al., Defendants.

Argued June 3, 1949; decided July 19, 1949.

*Henry Cohen, Ralph Montgomery Arkush* and *Daniel Rhoades* for appellants. I. As construed below, the merger statute permitted Consolidated Edison to deprive the minority stockholders of their right to participate in the assets and business of Brooklyn Edison as a going concern, and to share in any benefits accruing from the merger, on the same terms as the majority. It permitted the parent company to deprive the minority of their share in the proceeds of its own antecedent wrongdoings by extinguishing the derivative causes of action before opportunity for suit thereon. The appraisal provision was inadequate to provide relief to the minority stockholders wishing to stay in the enterprise and to share in the benefits of the merger. The statute required no warning to the minority, no opportunity to meet, discuss the terms of the proposed merger with the majority, consult among themselves, carry on a joint investigation or take concerted action by way of injunction suit, derivative action or otherwise. The merger statute, so construed, violates the due process, contract obligation and equal protection clauses

and is unconstitutional. (*Hubbard* v. *Jones & Laughlin Steel Corp.*, 42 F. Supp. 432.) II. Minority stockholders have a right to opportunity for mutual consultation, joint investigation and concerted action by way of injunction suit, derivative action or otherwise. (*McGahan* v. *United Engineering Corp.*, 118 N. J. Eq. 410; *Brown* v. *Central Home Trust Co.*, 129 N. J. L. 213.) III. Minority stockholders are entitled to submit intercorporate transactions to judicial scrutiny. (*Chelrob, Inc.*, v. *Barrett*, 293 N. Y. 442.) IV. Minority stockholders have a right to receive fair offer of participation in surviving or resulting corporation. V. Minority stockholders are entitled to the preservation of their interest in the corporate assets and business as a going concern, and to share the benefits accruing from the merger, on the same terms as the majority. (*Ervin* v. *Oregon Ry. & Navigation Co.*, 20 F. 577, 27 F. 625; *Lebold* v. *Inland S.S. Co.*, 82 F. 2d 351, 125 F. 2d 369; *Theis* v. *Spokane Falls Gas Light Co.*, 34 Wash. 23; *Paine* v. *Saulsbury*, 200 Mich. 58; *Matter of San Joaquin Light & Power Corp.*, 52 Cal. App. 2d 814; *Zimmerman* v. *Tide Water Associated Oil Co.*, 61 Cal. App. 2d 585; *Breslav* v. *New York & Queens Elec. Light & Power Co.*, 249 App. Div. 181, 273 N. Y. 593; *Outwater* v. *Public Service Corp. of N. J.*, 103 N. J. Eq. 461, 104 N. J. Eq. 490.) VI. Minority stockholders are entitled to their ratable interest in a cause of action of their corporation against the majority stockholder arising out of abuse of the stock control. (16 C. J. S., Constitutional Law, § 254.) VII. Appraisal under section 21 of the Stock Corporation Law is inadequate. (*Breslav* v. *New York & Queens Elec. Light & Power Co.*, 249 App. Div. 181; *Anderson* v. *International Minerals & Chemical Corp.*, 295 N. Y. 343; *Matter of Fulton*, 257 N. Y. 487.) VIII. Merger statute does not confer right of eminent domain. (*Litchfield* v. *Bond*, 186 N. Y. 66; *Erie R. R. Co.* v. *Steward*, 170 N. Y. 172.) IX. Merger statute denies equal protection of laws. (*Fountain Park Co.* v. *Hensler*, 199 Ind. 95; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92; *Matter of Benvenga* v. *La Guardia*, 182 Misc. 507, 268 App. Div. 566, 294 N. Y. 526; *Atlantic Coast Line R. R. Co.* v. *Ivey*, 148 Fla. 680.) X. The merger statute being unconstitutional, and the merger invalid, the first cause of action should not have been dismissed. The defense of laches and estoppel, interposed to the first cause of action, has no basis in law or fact. (*Pollitz* v. *Wabash R. R. Co.*,

207 N. Y. 113; *Monroe County Sav. Bank* v. *Baker,* 147 Misc. 522; *Harvey* v. *Guaranty Trust Co.,* 134 Misc. 417, 229 App. Div. 774, 256 N. Y. 526.) XI. The " merger " being invalid, the second cause of action, as pleaded, should not have been dismissed for insufficiency. (*Chelrob, Inc.,* v. *Barrett,* 293 N. Y. 442.)

*Jacob H. Goetz, Henry S. Reeder* and *Horace E. Whiteside* for respondent. I. The merger of the Brooklyn Company into the Edison Company was effected in strict compliance with the applicable provisions of law. II. The Legislature has constitutional power to amend section 85 of the Stock Corporation Law to permit merger of utility corporations upon less than 100% ownership, and the amendments in question do not contravene any constitutional rights of plaintiffs-appellants. (*Anderson* v. *International Minerals & Chemical Corp.,* 295 N. Y. 343; *Colby* v. *Equitable Trust Co.,* 124 App. Div. 262, 192 N. Y. 535; *Bingham* v. *Savings Investment & Trust Co.,* 101 N. J. Eq. 413; *Alpren* v. *Consolidated Edison Co.,* 168 Misc. 381; *Beechwood Securities Corp.* v. *Associated Oil Co.,* 104 F. 2d 537.) III. The merger statute does not deny to appellants the equal protection of the laws. (*New York R. T. Corp.* v. *City of New York,* 303 U. S. 573; *New York Central & Hudson Riv. R. R. Co.* v. *Williams,* 199 N. Y. 108.) IV. Appellants' contentions with respect to the procedural requirements as to notice to stockholders of merger under section 85 of the Stock Corporation Law do not give rise to any substantial constitutional question. (*Offield* v. *New York, New Haven & Hartford R. R. Co.,* 203 U. S. 372; *Wright* v. *Minnesota Mut. Life Ins. Co.,* 193 U. S. 657; *Polk* v. *Mutual Reserve Fund Life Assn.,* 207 U. S. 310; *Matter of Mount Sinai Hosp.,* 250 N. Y. 103.) V. Appellants are barred by their inexcusable laches from raising an issue in the present case as to the constitutional validity of section 85 of the Stock Corporation Law. (*Persky* v. *Bank of America Nat. Assn.,* 261 N. Y. 212; *Jones* v. *Bevillard,* 209 N. Y. 446; *National Supply Co.* v. *Leland Stanford Jr. Univ.,* 134 F. 2d 689; *Windhurst* v. *Central Leather Co.,* 101 N. J. Eq. 543, 107 N. J. Eq. 528.) VI. The statutory remedy afforded to dissenting stockholders by section 85 of the Stock Corporation Law is adequate. (*Anderson* v. *International Minerals & Chemical Corp.,* 295 N. Y. 343; *Langfelder* v. *Universal Laboratories,* 68 F. Supp. 209; *Adams* v. *United States Distributing Corp.,* 184 Va. 134.)

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Ruth Kessler Toch* of counsel), appearing, pursuant to section 68 of the Executive Law, in support of the constitutionality of section 85 of the Stock Corporation Law. I. Neither the substantive nor procedural provisions of section 85 of the Stock Corporation Law, pursuant to which the merger was effected, violate any provision of the Constitution of the United States or of this State. (*Ashley* v. *Ryan,* 153 U. S. 436; *Colby* v. *Equitable Trust Co.,* 124 App. Div. 262, 192 N. Y. 535; *Electric Bond & Share Co.* v. *State of New York,* 249 App. Div. 371, 274 N. Y. 625; *Matter of Bergdorf,* 149 App. Div. 529, 206 N. Y. 309.) II. The power of the Legislature to amend the corporation laws of a State is plenary. It applies to statutory provisions dealing with the relationship of the corporation with its stockholders as well as to the relationship of the corporation with the State. (*McNulty* v. *W. & J. Sloane,* 184 Misc. 835; *Hinckley* v. *Schwarzschild & Sulzberger Co.,* 107 App. Div. 470, 193 N. Y. 599; *Grobe* v. *Erie County Mut. Ins. Co.,* 39 App. Div. 183; *Polk* v. *Mutual Reserve Fund Life Assn.,* 207 U. S. 310; *Offield* v. *New York, New Haven & Hartford R. R. Co.,* 203 U. S. 372; *Wright* v. *Minnesota Mut. Life Ins. Co.,* 193 U. S. 657; *Colby* v. *Equitable Trust Co.,* 124 App. Div. 262, 192 N. Y. 535; *Logan* v. *New Amsterdam Gas Co.,* 224 N. Y. 664; *Anderson* v. *International Minerals & Chemical Corp.,* 295 N. Y. 343.) III. Gas and electric companies are public utility corporations and as such affected with a public interest. They are universally subject to governmental control. (*People ex rel. New York Edison Co.* v. *Willcox,* 207 N. Y. 86; *Nebbia* v. *New York,* 291 U. S. 502; *New York R. T. Corp.* v. *City of New York,* 303 U. S. 573; *New York Central & Hudson Riv. R. R. Co.* v. *Williams,* 199 N. Y. 108.)

DESMOND, J. The complaint herein has been dismissed at Special Term, and, from the unanimous affirmance by the Appellate Division of that dismissal, plaintiff appeals here as of right, asserting the presence in the case of a substantial constitutional question. The statute attacked for unconstitutionality is section 85, subdivisions 1, 5 and 7, of the Stock Corporation Law, which, as amended in 1936 (ch. 778) and 1937 (ch. 815) authorizes the merger of electric, gas or steam corporations, if approved by the Public Service Commission, where the merging or taking

corporation owns 95% or more of the stock of the merged, or taken, corporation. Before those 1936 and 1937 amendments ownership of all the merged corporation's stock was necessary for merger (although not necessary for consolidation). By a 1949 amendment (ch. 762) not of course applicable here, permission to merge when there is ownership of 95% of the taken corporation has been granted by the Legislature to stock corporations generally.

Following the procedures set out in section 85 (*supra*), there was merged into defendant Consolidated Edison Company of New York, Inc., on July 31, 1945, Brooklyn Edison Company Inc., in behalf of which latter corporation, plaintiffs bring this action, suing in their individual capacities as well. Just before that merger, which plaintiffs say was illegal and abortive, and for more than ten years prior thereto, defendant " Consolidated Edison " owned 1,244,165 of the 1,248,300 outstanding shares of " Brooklyn Edison " stock, or about 99.6% thereof. At that same pre-merger time, plaintiffs owned, as they had for some seventeen years, a total of 59 shares or 1/200 of 1% of Brooklyn Edison's stock. It is undisputed that the procedures established by section 85 (*supra*), for such a merger of utility companies, were followed: that is, Public Service Commission approval of the proposal was obtained after published notices and after hearings, then the board of trustees of Consolidated Edison adopted a resolution merging Brooklyn Edison into itself, the resolution setting forth all the terms of the merger as approved by the commission, and providing for the payment by Consolidated Edison of $135 per share for and upon surrender to it of such shares of stock of the Brooklyn, or merged corporation, as were not already owned by Consolidated, the surviving corporation. No meeting of the stockholders of Brooklyn Edison was held (§ 85, *supra,* requires none) and no notice of the merger was sent to plaintiffs, or other outside stockholders of Brooklyn Edison, except the statutorily required notice, after the event. However, about a month later, Consolidated Edison sent to the outside stockholders of Brooklyn Edison, a letter pointing out that, under section 21 of the Stock Corporation Law, such stockholders, if not satisfied to accept the offered price of $135 per share for their holdings, might

have appraisers appointed by the Supreme Court to value the stock and report their findings to the court for its determination of the price at which stockholders would have to surrender. Some of the other Brooklyn Edison shareholders took such appraisal proceedings, but these plaintiffs did not, nor have they ever accepted the price offered by Consolidated Edison. Instead, they kept their Brooklyn Edison stock and brought this suit, attacking the merger, or attempted merger, as illegal and a nullity.

The first cause of action, brought by plaintiffs for themselves and for all other Brooklyn shareholders who may join in, says that section 85 (*supra*) permitting as it does, merger in the event of 95% or more ownership, without notice to, or consent of, the minority, deprives plaintiffs and Brooklyn Edison of their property without due process of law, denies them the equal protection of the laws, and impairs the contract rights of plaintiffs and of Brooklyn Edison, all in alleged violation of section 1 of the Fourteenth Amendment to the United States Constitution, section 6 of article I of the New York State Constitution, and section 10 of article I of the United States Constitution; an accounting is prayed for. The second, third and fourth causes of action in the complaint (each brought by plaintiffs on their own behalf and in behalf of Brooklyn Edison) set out alleged transactions between Consolidated Edison and Brooklyn Edison, before the merger, in which transactions, it is said, the former, dominating the latter, took advantage of that dominant position to benefit itself to the latter's detriment. Insofar as those three counts are pleaded by plaintiffs individually, they are plainly not maintainable since no individual stockholder has any such right of action (*Niles* v. *New York Central & Hudson Riv. R. R. Co.*, 176 N. Y. 119). Insofar as those same three counts are set forth on behalf of Brooklyn Edison, the alleged wrongs they describe are actionable only if Brooklyn Edison still exists, that is, if there has been no effective merger of that entity into Consolidated Edison. Since we conclude that section 85 (*supra*), and its application to this merger, are not unconstitutional, we need not further examine into the internal sufficiency of the second, third and fourth causes of action, nor investigate the question of whether, if their allegations were otherwise sufficient, plaintiffs would still have to meet the

demands of section 61-b of the General Corporation Law (stockholders not owning 5%, or $50,000 worth, must give security, etc.).

It is the settled law of this State that under the express reservation of power therefor in our State Constitution (art. X, § 1; see *Clearwater* v. *Meredith,* 1 Wall. [U. S.], 25, 39), "the Legislature has the right at any time it sees fit to alter, suspend and repeal the charters of corporations" (*Colby* v. *Equitable Trust Co.,* 124 App. Div. 262, 265, affd. 192 N. Y. 535), that this constitutional provision is part of the contract or charter of every New York corporation (see *Ashley* v. *Ryan,* 153 U. S. 436), and that it authorizes the Legislature to make appropriate non-confiscatory statutory provisions for mergers (*Colby* v. *Equitable Trust Co., supra; People* v. *O'Brien,* 111 N. Y. 1, 46 *et seq.; Matter of Bergdorf,* 206 N. Y. 309, 313). It is fully as well settled that if the merger (or consolidation) is duly consummated in accordance with the statutes, the remedy of appraisal and payment is the only one available to dissenting shareholders, and that such dissenters on such an appraisal are entitled to receive fair and full compensation for all their rights (*Matter of Timmis,* 200 N. Y. 177; *Logan* v. *New Amsterdam Gas Co.,* 224 N. Y. 664; *Anderson* v. *International Minerals & Chemical Corp.,* 295 N. Y. 343, 350; see *Matter of Fulton,* 257 N. Y. 487, 494). It is settled, too, that statutes authorizing mergers may lawfully be applied even to corporations formed and stock acquired before their enactment (*Colby* v. *Equitable Trust Co., supra*). In short, the merged corporation's shareholder has only one real right; to have the value of his holding protected, and that protection is given him by his right to an appraisal (see *Voeller* v. *Neilston Warehouse Co.,* 311 U. S. 531, 535). He has no right to stay in the picture, to go along into the merger, or to share in its future benefits. He has no constitutional right to deliberate, consult or vote on the merger, to have prior notice thereof or prior opportunity to object thereto. His disabilities in those respects are the result of his status as a member of a minority, and any cure therefor is to be prescribed by the Legislature, if it sees fit. In none of this do we see any deprivation of due process, or of contract rights.

Plaintiffs argue that an appraisal (of which they did not avail themselves) would not have brought them fair return for their

shares, since, as they say, the appraisers would not have reckoned as an element of value plaintiffs' proportionate interests in Brooklyn Edison's choses of action alleged in counts 2, 3 and 4 of this complaint. Indeed, as plaintiffs show, when other dissenting Brooklyn Edison holders went to an appraisal, the appraisers refused to value those same causes of action. We do not now attempt an all-inclusive listing of the items that such appraisers should add into their totals, any more than this court did in *Matter of Fulton* (257 N. Y., *supra,* at p. 494) but we say again, as in *Matter of Fulton,* and in *Anderson* v. *International Minerals & Chemical Corp.* (295 N. Y., *supra,* at p. 350) that " every right of a dissenting shareholder is to be appraised and paid for " (and see *Wall* v. *Anaconda Copper Mining Co.,* 216 F. 242, 244, affd. *sub nom. Wall* v. *Parrot Silver & Copper Co.,* 244 U. S. 407). But, when the Legislature has provided for such an appraisal and for appropriate judicial control and review thereof, plaintiffs may not refuse such an appraisal and upset the merger itself, merely on their assertion that the appraisal, if had, would not have done them justice.

It should be said, in passing, that when the Legislature, in 1936, permitted the merger of utility companies, despite lack of 100% ownership of one by the other, it set forth reasons for so doing. A Joint Legislative Committee to Investigate Public Utilities reported to the Senate and Assembly on February 12, 1935 (N. Y. Legis. Doc., 1936, No. 78, p. 149) that " the consolidation of operating companies held by holding companies will tend to effectuate greater economies, more efficient management and rate reductions." The commission recommended " that legislation be enacted which will permit the merger of operating utility companies with less than 100 per cent of stock control, such mergers to be approved by the Public Service Commission." Evidence had been submitted to the commission to the effect, as the report shows, that simplification of holding and operating company relationships in the public utility field had been made difficult by the blocking tactics of small minority interests (the same " evil " described by this court many years before in *Matter of Timmis,* 200 N. Y. 177, 181, *supra*). We know from history that, in 1935, and for years thereafter, there was a nationwide demand for such simplification of the complex intercorporate structures of public utilities, and it is apparent

that the 1936 and 1937 amendments to section 85 were part of an effort to meet that demand.

Plaintiffs say that the amendments conferred " a special privilege on a special class of corporations ", since they made an exception, as to public utility corporations, to the requirement, for merger, of 100% ownership. Plaintiffs say there is no reasonable basis for such preferential treatment for gas and electric corporations — indeed, they say the amendments were passed " for the particular benefit of Consolidated Edison." Whether the latter statement be true or not, the amendments to section 85 apply to all corporations of the particular class. That public utility corporations may, for a multitude of purposes and in innumerable ways, be subjected by Legislatures to treatment differing from that applied to other kinds of corporations, is too well settled for argument. And in this instance the Legislature had and stated a reason for this differentiation, as noted above.

In view of our conclusion that all the causes of action were properly dismissed for insufficiency in law, the defense of laches need not be discussed herein.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and BROMLEY, JJ., concur.

Judgment affirmed.