Henry J. Latham, J.
Plaintiff brought this action to have himself declared a stockholder of the defendant Bubel Corporation.
On December 30, 1953 two Delaware corporations known as The Bubel Corporation and B. & S. Holding Corporation merged into the defendant Bubel Corporation, a New York corporation. For convenience the three corporations will be respectively designated here as Delaware Bubel, B. & S. and the defendant.
*389 Delaware Rubel was organized on January 17, 1927. On December 13, 1941 when said corporation had 521,390% shares outstanding it scaled down its capital structure to 52,140 shares and new shares were to be issued for old shares on the basis of 1 for 10. This recapitalization was accomplished by a certificate amending the corporate charter filed with the Secretary of State of the State of Delaware on December 13, 1941.
On August 13, 1942 plaintiff purchased from one James J. Igoe 100 shares of Delaware Rubel at $12 per share. The shares held by Mr. Igoe were of the old issue. When purchased by the plaintiff the stock was registered in the street name of M. S. Wien & Co. and two new certificates were issued for 50 shares each. It is conceded that this was an error and that the new certificates should have been for a total of only 10 shares. Obviously this clerical error cannot benefit the plaintiff and there can be no doubt that plaintiff, on August 13, 1942 became the owner of only 10 shares of Delaware Rubel.
On December 30, 1953 Delaware Rubel and R. & S. merged into the defendant. Plaintiff contends that he was not informed of the special stockholders’ meeting held on November 27, 1953 to approve the merger and that he did not learn of the merger until the Summer of 1955. Notice of said stockholders’ meeting was given to all stockholders of record, including M. S. Wien & Co., in whose name plaintiff’s stock was registered, and notice of the meeting was published as required by law. Since plaintiff’s stock was not registered in his own name, it is understandable that no notice was sent to him.
By the terms of the merger agreement, the stock of the defendant corporation was issued on the basis of one share of common stock for each 100 shares of Delaware Rubel common and one share of defendant’s preferred stock for each share of Delaware Rubel preferred.
The merger agreement incorporated a statement of the facts required to be set forth in a certificate of incorporation of a corporation organized under the laws of New York. Such statement concerning defendant corporation provided that no fractional shares of either common or preferred stock would be issued but that scrip certificates would be issued in lieu thereof in denominations of 1/100 of a share and that any two or more scrip certificates representing in the aggregate one or more whole shares would be exchangeable on or before December 31, 1955 but not thereafter, for certificates representing whole shares. On and after January 2, 1956 defendant would sell for cash at public or private sale the shares of stock represented by unredeemed scrip certificates and thereafter the holders of *390 scrip would be entitled to a prorata share of the proceeds of the sale of stock represented by the scrip but would have no other rights.
In the Summer of 1955 plainitff demanded that Delaware Eubel transfer on its books the 100 shares registered in the name of Wien & Co. to his own name. Defendant, through its attorneys, notified plaintiff that Delaware Eubel had been dissolved and merged with the defendant.
On December 9, 1955 plaintiff delivered the two certificates for 100 shares of Delaware Eubel and made a formal demand for stock in the defendant corporation. In reply defendant, in January, 1956 issued to the plaintiff a scrip certificate for one tenth of one share of stock in the defendant corporation. As noted above, the scrip certificate delivered in January, 1956 was no longer redeemable for stock and when issued to the plaintiff entitled him only to a prorata share in the proceeds of the unredeemed shares sold at public or private sale. What they sold for or when they were sold does not appear.
Plaintiff’s first point is that the merger agreement, insofar as it attempts to destroy plaintiff’s status as a stockholder, is illegal and void, that to permit stockholders, through majority action, to swallow up a minority interest would give the majority the right of condemnation over the property of the minority, that a vigilant minority, attempting to curtail activities of a selfish majority, could be effectively silenced by the device of reducing their shares to the vanishing point.
Whatever validity these arguments may have, they must be addressed to the Legislature and not to the courts. The Stock Corporation Law specifically provides for merger and consolidation of two or more corporations (§§ 85, 86, 91). In order to balance the rights of the majority who wish consolidation with the rights of the minority who oppose it, the Legislature has provided that where two thirds of the stockholders wish to consolidate they may do so and the dissenting minority may have its stock appraised.
In Anderson v. International Minerals & Chem. Corp. (295 N. Y. 343, 350) the Court of Appeals said: 1 ‘ The remedy of appraisal and payment was intended to afford fair and just compensation to the dissenters and at the same time provide the method by which their objections could be fairly composed so as to enable the consolidation to proceed. This is plainly one of the cases in which it was intended that the rights of the dissenting minority should be surrendered, subject only to their right, secured by the statute, to fair and just compensation.”
*391 Again in Beloff v. Consolidated Edison Co. of N. Y. (300 N. Y. 11, 19) the same court said: “It is fully as well settled that if the merger (or consolidation) is duly consummated in accordance with the statutes, the remedy of appraisal and payment is the only one available to dissenting shareholders, and that such dissenters on such an appraisal are entitled to receive fair and full compensation for all their rights * * *. In short, the merged corporation’s shareholder has only one real right; to have the value of his holding protected, and that protection is given him by his right to an appraisal (see Voeller v. Neilston Warehouse Co., 311 U. S. 531, 535).” There is no merit to plaintiff’s first point.
Plaintiff’s second point is that he cannot be compelled to accept appraisal as an alternative to an illegal plan. This point begs the question since plaintiff has not shown any illegality in respect to the merger.
It follows that plaintiff is not entitled to be declared a stockholder of defendant corporation and that his only rights are to participate in the proceeds of the shares represented by the unredeemed scrip. The amended complaint is, therefore, dismissed, without costs. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment on notice.