Ida May VOEGE, Plaintiff,

v.

AMERICAN SUMATRA TOBACCO COR-
PORATION, a corporation of the State
of Delaware organized on the 27th day
of February, 1926, Tobacco Holdings,
Inc., a corporation of the State of Del-
aware, organized on October 21, 1960,
N. V. De li Maatschappij, a corporation
of the Kingdom of the Netherlands, and
George J. Fisher as the Register in
Chancery of the Court of Chancery of
the State of Delaware, Defendants.

Civ. A. No. 2301.

United States District Court
D. Delaware.
March 21, 1961.

Arthur G. Logan (Logan, Marvel, Duffy & Boggs), Wilmington, Del., for plaintiff. Gustave B. Garfield, New York City, of counsel.

Richard F. Corroon (Berl, Potter & Anderson), Wilmington, Del., for defendant Tobacco Holdings, Inc.

Clement C. Wood, Deputy Atty. Gen., for defendant George J. Fisher, Register in Chancery.

LEAHY, Senior District Judge.

1. 28 U.S.C.A. § 2281 provides means of avoiding conflict between federal and state courts by special procedures where the constitutionality of a state statute is questioned. 1 Moore, Federal Prac. ¶ 0.205. The federal statute was designed to secure the public interest in limited cases of special importance in specific areas, as established by

Congress.[8] Mr. Justice Frankfurter in the Phillips case [9] wrote:

"To bring this procedural device into play—to dislocate the normal operations of the system of lower federal courts and thereafter to come directly to this Court—requires a suit which seeks to interpose the Constitution against enforcements of a state policy, whether such policy is defined in a state constitution or in an ordinary statute or through the delegated legislation of an 'administrative board or commission'. The crux of the business is procedural protection against an improvident state-wide doom by a federal court of a state's legislative policy. This was the aim of Congress and this is the reconciling principle of the cases."

■■■ There is a narrow confinement of jurisdiction under § 2281. Thus, where plaintiff seeks an injunction against unconstitutional results obtained by use of a state statute which is not itself attacked as unconstitutional, the three-judge court requirement of § 2281 does not apply. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249. For specific example, in Sealy v. Department of Public Instruction of Pennsylvania, 3 Cir., 252 F.2d 898, cer-

tiorari denied 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1149, the Court of Appeals, holding a three-judge court was not required, denied a sought injunction against state officials to restrain the building of a proposed school, since the construction of the statute as to the location of schools, rather than the statute itself was attacked as unconstitutional.[10] Since plaintiff in the case at bar alleges defendant's conduct, rather than Delaware's § 253, are unconstitutional, the application for a three-judge court is not proper.

■■ 2. Under § 2281 the constitutional question raised must be substantial. When application for injunction against enforcement of a state statute is made, the district judge must scrutinize the complaint to determine this question. Lack of substantiality appears where the constitutional question obviously is without merit or its unsoundness results from previous decisions. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. Thus, the district judge is within his authority to dismiss the complaint or deny the temporary restraining order if the tests are not met. This view was recently supported in the Court of Appeals. Two Guys from Harrison-Allentown, Inc. v. McGinley, 3 Cir., 266 F.2d 427.[11]

8. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 483, 85 L.Ed. 800; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318; People of State of Illinois ex rel. Sankstone v. Jarecki, D.C. Ill., 116 F.Supp. 422 (appeal dismissed for want of a substantial federal question, 346 U.S. 861, 74 S.Ct. 107, 98 L.Ed. 373).

9. Id., 312 U.S. at page 251, 61 S.Ct. at page 483.

10. Other cases in which application for a three-judge court have been denied on similar grounds: Penagaricano v. Allen Corp., 1 Cir., 267 F.2d 550; and Andrew G. Nelson, Inc. v. Jessup, D.C. Ind., 134 F.Supp. 218.

11. Bell v. Waterfront Commission of New York Harbor, 2 Cir., 279 F.2d 853 (court upholding dismissal of motion for

convening three-judge court for want of substantial constitutional questions.)

For the most recent writing on the subject, see Judge Yankwich (Blue & Gold Stamps, etc. v. Sobieski, D.C.S.D.Cal., 190 F.Supp. 133, 134–135):

"Before considering the matter it is well to advert to the general proposition that in order to invoke the jurisdiction of this Court under Sections 2281, 2283 and 2284 of Title 28 U.S.C.A., the complaint, on its face, must show the existence of a substantial federal question. If it does, the presence of a State question does not stand in the way of exercising jurisdiction. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 1960, 362 U.S. 73, 83–84, 80 S.Ct. 568, 4 L.Ed. 2d 568. However, when the Complaint fails to show the presence of a substantial federal question, the Judge to whom the petition is addressed may de-

True, the merits of plaintiff's argument that § 253 is unconstitutional have never reached the United States Supreme Court, yet the "short-merger" statute (of which 8 Del.C. § 253 is an example) is a common statutory provision in corporation law and is found in the corporate codes of 13 states.[12] The constitutionality of such statutes has not been challenged in any federal court. They have been upheld by the Delaware Supreme Court[13] and the New York Court of Appeals.[14]

■ 3. Moreover, plaintiff acquired her shares in 1945.[15] § 253 of the Delaware Corporation Law was enacted in 1937.[16] In 1957 it was amended to permit payment of cash to dissenting stockholders in lieu of securities.[17] Nevertheless, the reserved power of the State of Delaware to amend or repeal any portion of the Delaware Corporation Law is established.[18] This power of the legislature to amend the corporation laws of a state has been sustained. Polk v. Mutual Reserve Fund Life Ass'n, 207 U.S. 310, 28 S.Ct. 65, 52 L.Ed. 222. The power applies to statutes dealing with the corporation vis-a-vis its stockholders and vis-a-vis the state. Offield v. New York, New Haven & Hartford R. Co., 203 U.S. 372, 27 S.Ct. 72, 51 L.Ed. 231. Stockholders attack on merger is to have the value of his holdings protected by his right to appraisal. Voeller v. Neilston Warehouse Co., 311 U.S. 531, 535, 61 S.Ct. 376, 85 L.Ed. 322.[19]

■ 4. Before the threshold of the constitutional question, an intervening question of state law has been raised by

cline to grant relief or convene a three-judge court. Ex parte Poresky, 1933, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L. Ed. 152; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 1934, 292 U.S. 386, 390–392, 54 S.Ct. 732, 78 L.Ed. 1318; California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 255–256, 58 S.Ct. 865, 82 L.Ed. 1323; Eastern States Petroleum Corp. v. Rogers, 1959, 105 U.S.App.D.C. 219, 265 F.2d 593 (per Prettyman, Chief Judge); Carrigan v. Sunland-Tujunga Telephone Co., 9 Cir., 1959, 262 F.2d 568, 571–573; Shiver v. Gray, 5 Cir., 1960, 276 F.2d 568, 570. And see the writer's opinion in Wylie v. State Board of Equalization, D.C.Cal.1937, 21 F.Supp. 604, 606."

12. "Short-merger" statutes have been enacted in: Colorado, Connecticut, Delaware, District of Columbia, Iowa, Maryland, Nevada, New York, North Carolina, Ohio, West Virginia, Tennessee and Wisconsin.

13. Coyne v. Park & Tilford Distillers Corp., supra.

14. Beloff v. Consolidated Edison Co. of New York, 300 N.Y. 11, 87 N.E.2d 561.

15. Garfield Affidavit, p. 1.

16. 41 Del.Laws, Ch. 131.

17. 51 Del.Laws, Ch. 121.

18. 8 Del.C. § 364 provides:
"This chapter may be amended or repealed, at the pleasure of the Legislature, but any amendment or repeal shall not take away or impair any remedy against any corporation under this chapter, or its officers, for any liability which shall have been previously incurred. This chapter and all amendments thereof shall be a part of the charter of every corporation except so far as the same are inapplicable and inappropriate to the objects of the corporation."
§ 364 has been applied in: Hartford Accident & Indemnity Co. v. W. S. Dickey Clay Mfg. Co., 26 Del.Ch. 16, 21 A.2d 178, affirmed 26 Del.Ch. 411, 24 A.2d 315; Gow v. Consolidated Coppermines Corp., 19 Del.Ch. 172, 165 A. 136; Davis v. Louisville Gas & Electric Co., 16 Del.Ch. 157, 142 A. 654.

19. In Beloff v. Consolidated Edison Co. of New York, supra, 300 N.Y. at page 19, 87 N.E.2d at page 564:
"He [the shareholder] has no right to stay in the picture, to go along with the merger, or to share in its future benefits. He has no constitutional rights to deliberate, consult, or vote on the merger, to have prior notice thereof or prior opportunity to object thereto. His disabilities in those respects are the result of his status as a member of a minority and any cure therefor is to be prescribed by the Legislature if it sees fit. In none of this do we see any deprivation of due process or of contract rights."
See, too, Looker v. Maynard, 179 U.S. 46, 21 S.Ct. 21, 45 L.Ed. 79; Cf. Miller v. State, 15 Wall. 478, 82 U.S. 478, 21 L.Ed. 98.

plaintiff. She says defendants have by design evaded § 253 by merging American Sumatra, a Delaware corporation, into Tobacco Holdings, a subsidiary of N. V. Deli Maatschappip, a Dutch corporation, so that the merger "was accomplished through a manipulative and deceptive device to evade the provisions of Rule X–10B–5 of the SEC and to *evade the provisions* of *Section* 253 of the General Corporation Laws of Delaware *which does not permit a merger of a Delaware corporation such as American Sumatra Tobacco Corporation with an alien corporation organized under the laws of the Kingdom of the Netherlands* such as is defendant N. V. Deli Maatschappij." [20] The question of state law thus raised, viz.: The merger statute, § 253, does not provide for merger of a Delaware corporation with an alien corporation, is one so far not answered by the Delaware courts. To maintain the delicate dychotomy of a federal-state jurisdiction needless friction with state policies is to be avoided, Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152, in the area of federal-state relations, Gully v. First National Bank, 299 U.S. 109, 117, 57 S.Ct. 96, 81 L.Ed. 70; Hershey Mfg. Co. v. Adamowski, D.C. E.D.Ill., (No. 58 C 1287 Feb. 9, 1959). Since Delaware has not been asked [21] to construe its merger statute on the point raised, it would seem a three-judge court should not be convened until this question is settled by the Delaware courts. Not until then can it be ascertained whether a constitutional question is presented for a three-judge court.

Plaintiff's request for the convening of a three-judge court, and for an injunction pendente lite, for any of the four reasons stated above, will be denied upon presentation of an order.

20. Complaint, p. 25; Garfield Affidavit, p. 11.

21. There is no question but that plaintiff could have brought the instant case

in the Court of Chancery in Delaware, except for the separate charges of violation of the Securities Exchange Act of 1934 and SEC's Rule X–10B–5.