## OKLAHOMA GAS & ELECTRIC CO. ET AL. v. OKLA-
## HOMA PACKING CO. ET AL.

No. 832.   Argued May 3, 4, 1934.—Decided May 21, 1934.

*Messrs. Robert M. Rainey* and *I. J. Underwood,* with whom *Messrs. Streeter B. Flynn* and *R. M. Campbell* were on the brief, for appellants.

*Messrs. W. R. Brown* and *Fred Hansen,* with whom *Messrs. J. Berry King* and *Crawford D. Bennett* were on the brief, for appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

This is an appeal under § 266 of the Judicial Code from a decree of the District Court for Western Oklahoma, three judges sitting, which dismissed the cause for want of equity jurisdiction. 6 F.Supp. 893. The suit was brought by Oklahoma Natural Gas Company and Oklahoma Gas & Electric Company, two public service companies, against appellees, Wilson & Company, Inc., now Oklahoma Packing Company, a private business corporation, the State Corporation Commission, and the Attorney General of the State, to enjoin enforcement of an order of the Commission. The order, which directed the Oklahoma Natural Gas Company to supply Wilson & Company with natural gas at a prescribed rate, was assailed as an infringement of the due process and contract clauses of the Federal Constitution on the ground that it imposed on the Gas Company a duty to serve which it had never undertaken to perform, and impaired a contract between the two gas companies with respect to the distribution of gas by them to consumers in the vicinity of the plant of Wilson & Company. The order, which was made upon petition of Wilson & Company to the State

Commission, directed that the Oklahoma Natural Gas Company be required to supply it with gas at a lower rate than it had been paying for gas supplied by the Oklahoma Gas & Electric Company which that company purchased from the Natural Gas Company for distribution.

On appeal the state supreme court affirmed the order. 146 Okla. 272; 288 Pac. 316. Pending the appeal, supersedeas bonds were given which suspended the order and Wilson & Company continued to take its gas supply from the Oklahoma Gas & Electric Company at the higher rate. In the meantime, while the petition to review the order was pending before the state supreme court, and before the present suit was brought, the Oklahoma Natural Gas Company acquired the properties of the Oklahoma Gas & Electric Company and a new industrial rate for natural. gas supplied by it was put into effect by order of the Commission.

Upon affirmance by the state supreme court of the Commission's earlier order, Wilson & Company brought suit in the state district court, joining as defendants the Oklahoma Gas & Electric Company and the sureties on the supersedeas bonds, to recover the amount paid for gas in excess of the rate prescribed by the earlier order of the Commission. That suit was defended upon the ground, among others, of the constitutional invalidity of the order. Judgment was given for Wilson & Company, from which an appeal was taken and is now pending in the state supreme court.

Following this judgment the present suit was brought upon a bill of complaint which set up the invalidity of the order, alleged that the action of the state supreme court in affirming it was legislative not judicial, see *Oklahoma Gas & Electric Co.* v. *Wilson & Co., Inc.*, 54 F. (2d) 596, and prayed an injunction restraining appellees from taking any steps to enforce it. The court below construed this as asking both that the state officers be enjoined from

enforcing the order and that Wilson & Company be restrained from prosecuting its pending suit in the state courts to recover the excess payments for gas. Upon the trial, the court below made its finding, not assailed here, that no penalties could be imposed for non-compliance with the challenged order, as it had been suspended by supersedeas in the proceedings to review it before the Supreme Court of Oklahoma, and while they were pending it had become inoperative by reason of the order of the Commission establishing the new rate. It found that " there is no suggestion in the record of any intention on the part of any of the officials of Oklahoma to undertake to impose any statutory penalties for failure to comply with the order." The court concluded that there was no basis for relief by injunction against state officials, and that the only issue left in the case was the right asserted by appellees to enjoin prosecution of the suit of Wilson & Company in the state courts, and that as the alleged invalidity of the Commission's order had been interposed as a defense in that suit and had been passed upon by the state court, there was no occasion for relief by a federal court of equity.

The appellants insist here, as they did below, that the district court of Oklahoma is without jurisdiction to pass upon the issue of the invalidity of the order, since by § 20, Art. 9 of the state constitution, exclusive jurisdiction to review or set aside an order of the Commission is conferred on the state supreme court. See *Pioneer Tel. & Tel. Co.* v. *State,* 40 Okla. 417; 138 Pac. 1033. We are asked on this appeal to sustain the equity jurisdiction of the three judge court to restrain the prosecution of the suit at law in the state courts, upon the ground that appellants are without adequate legal remedy to protect themselves from the exactions of the unconstitutional order.

By § 266 of the Judicial Code, suits, in which an interlocutory injunction is sought and pressed, to restrain any state officer from enforcing or executing a state statute or an order of a state commission, on the ground of its unconstitutionality, are required to be tried before a court of three judges. The section provides that " a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit." Our jurisdiction to hear the present appeal is challenged and as this is the only provision authorizing the appeal to this Court, it is necessary at the outset to determine whether this is " such suit."

The procedure prescribed by § 266 may be invoked only if the suit is one to restrain the action of state officers. *Ex parte Public National Bank,* 278 U.S. 101; *Ex parte Collins,* 277 U.S. 565. That this condition is vital is sufficiently indicated by reference to the part played by *Ex parte Young,* 209 U.S. 123, in inducing enactment of the section.[1] Hence the cause of action alleged against Wilson & Company, although within the jurisdiction of the district court, is subject to this extraordinary procedure, and appealable directly to this Court, if at all only because it is incidental to the relief prayed against the state officers. See *Pittsburgh & West Virginia Ry. Co.* v. *United States,* 281 U.S. 479. Whether it is so incidental we need not inquire, for we conclude that the case against the state officers was not one within the appellate jurisdiction conferred upon this Court by § 266 so as to bring either that case or its incidents before us for decision. Compare *Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103; *Clark* v. *Wooster,* 119 U.S. 322, 325.

---

[1] See 42 Cong. Rec. 4846, *et seq.;* 45 *id.* 7252, *et seq.;* Hutcheson, A Case for Three Judges, 47 Harv. L. Rev. 795, 805.

The allegations against appellee officers, it is true, present on their face every prerequisite to three judge action. But when it became apparent, as it did upon the final hearing, that there was never any basis for relief of any sort against the state officers, and that the only matter in controversy was the right of Wilson & Company to recover the alleged excess payments for gas, there was no longer any occasion for proceeding under § 266. The issue is not one of the federal jurisdiction of the district court, see *Healy* v. *Ratta, ante,* p. 263; *Ex parte Poresky,* 290 U.S. 30, 31; compare *Rice & Adams Corp.* v. *Lathrop,* 278 U.S. 509, 514, with *Smith* v. *Wilson,* 273 U.S. 388, and *Ex parte Hobbs,* 280 U.S. 168; but whether a final hearing by three judges was prescribed by the section, and hence whether this Court has jurisdiction to hear the appeal. *Smith* v. *Wilson, supra.*

The three judge procedure is an extraordinary one, imposing a heavy burden on federal courts, with attendant expense and delay. That procedure, designed for a specific class of cases, sharply defined, should not be lightly extended. *Ex parte Collins, supra,* at 569. The limitations of the statute would be defeated were it enough to keep three judges assembled that a plaintiff could resort to a mere form of words in his complaint alleging that the suit is one to restrain action of state officers, with no support whatever in fact or law. Compare *Pacific Elec. Ry. Co.* v. *Los Angeles,* 194 U.S. 112, 118; see also *Wilderman* v. *Roth,* 17 F. (2d) 486. The restrictions placed upon appellate review in this Court by the jurisdictional act of February 13, 1925, would likewise be measurably impaired were groundless allegations thus to suffice. See *Smith* v. *Wilson, supra,* at 390; compare *United States* v. *Alaska S.S. Co.,* 253 U.S. 113. When it becomes apparent that the plaintiff has no case for three judges, though they may have been properly

convened, their action is no longer prescribed and direct appeal here must fail as well in this case as where the plaintiff does not press his injunction, *Smith* v. *Wilson, supra,* or his constitutional attack. Compare *Ex parte Hobbs, supra.*[2]

Although without jurisdiction to hear the merits of the appeal, this Court, in the exercise of its appellate jurisdiction, has authority to give such directions as may be appropriate to enforce the limitations of § 266, and to conform the procedure to its requirements. And we may frame our order in a way that will save to the appellants their proper remedies. *Gully* v. *Interstate Natural Gas Co., ante,* p. 16; see *Gulf, C. & S. F. Ry. Co.* v. *Dennis,* 224 U.S. 503; compare *United States* v. *Anchor Coal Co.,* 279 U.S. 812.

By mistakenly appealing directly to this Court appellants have lost their opportunity to have the decree below reviewed on its merits, as the time for appeal to the Circuit Court of Appeals has expired. Compare *Healy* v. *Ratta,* 289 U.S. 701; *ante,* p. 263. We might now terminate the litigation by dismissing the appeal without more, and it would be proper to do so had the correct procedure under § 266 been more definitely settled at the time the appeal to this Court was attempted. But in the circumstances, it is appropriate that the decree below should be vacated and the cause remanded to the district court for further proceedings to be taken independently of § 266 of the Judicial Code. *Gully* v. *Interstate Natural Gas Co., supra.*

Costs will be awarded against the appellants. See *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan,* 111 U.S. 379, 387.

*Decree vacated.*

---

[2] The authorities are collected and discussed in Bowen, When Are Three Federal Judges Required, 16 Minn. L.Rev. 1, 33–39.