**PUBLIC SERVICE COMMISSION OF STATE OF MISSOURI et al. v. BRASHEAR FREIGHT LINES, Inc., et al.**

No. 11618.

Circuit Court of Appeals, Eighth Circuit.

Aug. 26, 1940.

Rehearing Denied Sept. 18, 1940.

Writ of Certiorari Granted Dec. 16, 1940.

See 61 S.Ct. 392, 85 L.Ed. ——.

James H. Linton, Gen. Counsel, and Daniel C. Rogers, Asst. Counsel, Public Service Commission of Missouri, both of Jefferson City, Mo., for appellants.

Kenneth Teasdale and B. W. LaTourette, both of St. Louis, Mo., and Paul G. Koontz, of Kansas City, Mo., for appellees.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

WOODROUGH, Circuit Judge.

The Public Service Commission of Missouri and certain State officers appeal from an order of a three-judge court overruling their motion for damages claimed to have been sustained as the result of the improvident issuance of a restraining order, later dissolved by the court. The suit was brought by the Brashear Freight Lines, Inc., and other trucking concerns, against the Commission and the State officers to enjoin the enforcement of the trucking taxes imposed under the Missouri Act of May 6, 1931, Mo.St.Ann. §§ 5264–5280, pp. 6679–6695, Art. VIII, C. 33, on the ground of unconstitutionality, and tax payments were suspended by virtue of the restraining order pending final determination of the suit for injunction.

The defendants denied that the taxes were unconstitutional and prayed the court by way of counter-claim to enforce the collection of the accruing taxes. The trial court of three judges held the Act valid, denied injunction, dissolved the restraining order and dismissed the petition. It declined to try the counter-claim and dismissed the same without prejudice. The defendants in the suit appealed directly to the Supreme Court from the order dismissing their counter-claim, but the Supreme Court held that it had no jurisdiction of a direct appeal on that issue and remanded the case (apparently to the three-judge court). Public Service Commission v. Brashear, 306 U.S. 204, 59 S.Ct. 480, 83 L. Ed. 608. Thereupon the defendants in the suit presented to the court of three judges their motion "to determine and assess damages and costs" against each and every plaintiff in the cause and their respective bondsmen. The motion was limited by its terms to the fees and taxes claimed to have accrued against the numerous truckers between the issuance of the restraining order and the date of the motion, i.e., during the period from May 15, 1937, to May 22, 1939. The court overruled the motion and the defendants appeal.

It appears that the Brashear Freight Lines, Inc., and some forty other corporations engaged in the business of automobile truck transportation were subject under the terms of the 1931 Motor Bus and Truck Laws of Missouri to certain license fees charged by the State for use of its highways, such fees being charged on a schedule which graduated the amount of the fee with regard to the weight-carrying capacity of the truck to be licensed. The Act also prescribed fees of 50% of the maximum for short twenty mile runs into the State, and 33⅓% for ten mile runs. The short run licensing provisions were difficult to enforce and were largely left unenforced. The truck companies on May 15, 1937, found themselves threatened with enforcement of the licensing provisions by criminal prosecution, penalties and forfeitures, and deeming the law unconstitutional they brought this action in the U. S. District Court for a preliminary and final injunction against the Public Service Commission, the Superintendent of Highway Patrol and the Attorney General, State officers charged with the duty of enforcing collection of the fees. The verified bill prayed for a restraining order against enforcement of the law, and since a prima facie right thereto was shown, the District Court granted the restraining order upon deposit of a bond in the amount of $10,000. The parties entered into a stipulation whereby the truck companies bound themselves to make reports of truck entries into the state, and to pay the amount of license fees to a trustee; the Public Service Commission did not bind itself or the State of Missouri to be responsible for collection of any checks or money orders paid to the trustee and did not waive any rights to collect any amount found due to the State upon determination of the cause. On the day this stipulation was filed, May 27, 1937, some thirty other trucking concerns, to-wit, corporations, partnerships and individuals, petitioned for intervention in the action and were permitted to intervene upon filing a bond in the amount of $20,000 which incorporated the stipulation entered into by the original parties to the suit. The counter-claim filed by defendants contained allegations that "certain of" the plaintiff truck concerns had not paid all the fees owing under the Act through the six years of its operation, that it was difficult for defendants to serve most of the plaintiffs with process since they were not resident in Missouri, and that defendants did not have knowledge of the number of vehicles for which fees had not been paid, nor their carrying capacity. It was also alleged

that: "The amounts due and payable in license fees as aforesaid are not unliquidated, but are liquidated, definite and certain sums which could be accurately determined upon a proper accounting. Although such account could be accurately stated, if the facts were at hand, the taking of said account would be long and complicated." Defendants prayed for equitable relief of accounting to determine the amount of the fees and enforcement of payment against the numerous plaintiffs.[1] The truck concerns filed a general denial, which they say was merely a temporary pleading to avoid default and was filed with the understanding that they might later attack the propriety of the counter-claim and defendants' right to present it in the action. This was controverted.

At the trial of the merits of the case before the three-judge court, consideration of the counter-claim was deferred for hearing subsequent to trial of the injunction issue. When hearing on that issue was completed, however, the counter-claim was not presented or tried, and the court, in the entry of its decree, included the following ruling upon the defendants' counter-claim: "That the issue raised by the defendants' counter-claim, not having been urged nor presented by the parties, and the court being in doubt as to the right of the defendants to maintain such counter-claim, it is ordered that the same be and it hereby is dismissed without prejudice to the right of the defendants, or either of them, to maintain an independent action or suit thereon, if they, or either of them, shall be so advised." Upon motion of defendants the court modified the decree by striking from this sentence of the decree the words "not having been urged nor presented by the parties", so that only dismissal of the counter-claim without prejudice was effected. The motion for damages was filed after the mandate of the Supreme Court had come down; the motion recited the restraining order, the stipulation of the parties, the deposit of the restraining order bonds and alleged failure of compliance on the part of the truckers. The motion contained a prayer that the court take such steps as might be required to ascertain and determine the amount of license fees accrued and unpaid and to assess said sum and costs as damages in favor of the defend-

ants or the State of Missouri or the State Treasurer and for judgment for the amounts against the plaintiffs and against their bondsmen to the extent of the bonds. On the hearing of the motion, July 5, 1939, the court indicated that it had passed upon the controlling question in its decree entered August 4, 1938. The motion was accordingly denied.

▊ Whether a court which issues, and then on hearing dissolves, a restraining order, will entertain a motion to assess damages at the instance of the defendant in proceedings ancillary to the main action, or whether such court will remit the petitioner to his separate action by dismissing without prejudice, is in this circuit a matter within the discretion of the court. In United Motors Service, Inc. v. Tropic-Aire, Inc., 8 Cir., 57 F.2d 479, this court made exhaustive review of the authorities and announced its conclusion that dismissal without prejudice of a motion to assess damages in such a situation would be set aside only when the discretion of the court was abused—that the discretion is not questioned for wisdom, but only for abuse. We think the decision controlling against the appellant here. The contention is made that the dismissal without prejudice was not entered in the exercise of the court's discretion, but we think it clear from the record that such contention is without merit. It is true the trial court commented that it entertained a doubt whether the necessary parties to a litigation of the damages were before the court, but it did not find or declare a defect of parties. It merely decided within its discretion that it would not entertain the ancillary litigation.

▊ We think that the court of three judges properly limited itself to the function for which it was specially constituted and rightly declined to enter upon the trial and adjudication of an ancillary litigation involving on the petitioners' own showing a "long and complicated" inquiry. The nature of the special tribunal justifies its questioning critically concerning the character of any case of which it is called upon to take jurisdiction, and it should refuse to enter upon the trial of matters of which it is not required to take cognizance. As said by the Supreme Court in Oklahoma Gas Co. v. Packing Company, 292 U.S. 386,

---

[1] This court has held that tax collection suits are not within equity jurisdiction as actions for accounting. City of Sedalia v. Standard Oil Co. of Indiana, 8 Cir., 66 F.2d 757, 761, 95 A.L.R. 1514.

391, 54 S.Ct. 732, 734, 78 L.Ed. 1318: "The three-judge procedure is an extraordinary one, imposing a heavy burden on federal courts, with attendant expense and delay. That procedure, designed for a specific class of cases, sharply defined, should not be lightly extended. Ex parte Collins, supra [277 U.S. 565], at 569 [48 S.Ct. 585, 72 L.Ed. 990]."

The restraining order in this case was issued and the conditions and terms of the security for damages were fixed by the District Judge in the Western District of Missouri. His action in the matter of imposing conditions and exacting security from the plaintiffs and interveners was effective to the extent that more than a hundred thousand dollars of fees and taxes were obtained by the State without litigation. The defendants' only claim was that the action taken by the judge had not been completely effective. The three-judge court had had nothing to do with the matter of prescribing the conditions of the restraining order. It fully performed its special function of adjudicating upon the constitutionality of the questioned Act. The defendants' mistaken assumption that their incidental claim presented a controversy directly reviewable in the Supreme Court doubtless led them to press it for determination by the three-judge court. See and compare, Eichholz v. P. S. Commission, 306 U.S. 268, 59 S.Ct. 532, 83 L.Ed. 641. We think the proper procedure in such a situation as here presented requires that the three-judge court, which has discharged its essential function of adjudicating upon constitutionality, should, upon presentation of the facts by the parties, remit any such ancillary litigation to the District Judge for proceedings "to be taken independently of Sec. 266 of the Judicial Code, 28 U.S.C.A. § 380." Such procedure seems to be indicated by the cases.[2] But we do not decide that the three-judge court was without jurisdiction to enter its decree and order dismissing the proposed ancillary litigation. It had such discretion and there was no abuse.

Affirmed.

BELL, District Judge (dissenting).

A three-judge court was assembled in this case to determine the constitutionality of the state statute that was involved and not for any other purpose. When it performed that function it should have referred all other issues in the case to the proper Judge of the District Court of the United States for the Western District of Missouri for appropriate proceedings, and such action would have been in accordance with the rule announced by the court, as follows: "We think the proper procedure in such a situation as here presented requires that the three-judge court which has discharged its essential function of adjudicating upon constitutionality, should, upon presentation of the facts by the parties, remit such ancillary litigation to the District Judge for proceedings 'to be taken independently of Section 266 of the Judicial Code.'" I fully approve of this rule and think it should be followed in this case.

The court has cited United Motors Service, Inc., v. Tropic-Aire, Inc., 8 Cir., 57 F. 2d 479, as authority for the principle that dismissal of the issue presented by the counterclaim was within the jurisdiction of the court. That was a patent case where a District Judge was sustained in holding that, in dissolving a temporary injunction against patent infringement, the court had discretion to retain the case and determine damages under the injunction bond in an ancillary proceeding or leave the parties to an action at law. The principle there announced has no applicability to the jurisdiction of a three-judge court.

In my opinion, the three-judge court in this case was without jurisdiction to dismiss defendant's counter-claim.

[2] Massachusetts v. Missouri, 308 U.S. 1, loc.cit. 19, 60 S.Ct. 39, loc.cit. 43, 84 L.Ed. 3; see Rorick v. Commissioners, 307 U.S. 208, 213, 59 S.Ct. 808, 83 L.Ed. 1242; Wm. Jameson & Co. v. Morgenthau, 307 U.S. 171, 174, 59 S. Ct. 804, 83 L.Ed. 1189; Oklahoma Gas & Elec. Co. v. Oklahoma Packing Co., 292 U.S. 386, 392, 54 S.Ct. 732, 78 L. Ed. 1318. Cf. Wilentz v. Sovereign Camp, W. O. W., 306 U.S. 573, 582, 59 S.Ct. 709, 83 L.Ed. 994; Ex parte Bransford, 60 S.Ct. 947, 951, 84 L.Ed. 1249.