### HAYMES v. LANDON.
### No. 15819.

United States District Court,
S. D. California, Central Division.

Oct. 16, 1953.

---

David C. Marcus, Moss & Eaton and Robert A. Eaton, Los Angeles, Cal., for petitioner.

Laughlin E. Waters, U. S. Atty., for the Southern Dist. of California, Clyde C. Downing and Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for respondent.

TOLIN, District Judge.

The matter for decision is a Motion for Dismissal of a Petition for Injunction, Declaratory Relief and Judicial Review and a supplemental motion which includes a prayer for determination by a three-judge court that Sections 241 (a) (1) and 212(a) (22) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. §§ 1251(a) (1), 1182(a) (22), are unconstitutional and void and that as applied to petitioner, Section 212(d) (7) is unconstitutional. Petitioner prays for an injunction restraining the District Director of Immigration from proceeding with a hearing on a warrant of arrest in deportation concerning petitioner.

In the consideration of the case it must be kept in mind that although

the warrant asserts that the alien is to show cause why he should not be deported by authority of the above mentioned Statutes, the ultimate ground of decision by the Immigration and Naturalization Service might rest upon some other ground as the Warrant is merely the opening of an investigative procedure which may, under appropriate amendment, embrace consideration of grounds for deportability resting on other statutes than those first cited. 8 Code of Federal Regulations, § 242.53 (d); Galvan v. Press, 9 Cir., 201 F.2d 302. By reason of the broad powers of the Government concerning aliens within the nation, the broadest power of investigation inheres in the proceeding which, at this stage, is investigative and does not amount to an order of deportation, nor does it actually do more than obtain direct jurisdiction over the person of the alien and set in motion an inquiry which may follow broad lines, possibly eliminating the presently alleged ground for deportation and substituting another, and possibly eliminating all so that the alien's residence here may remain undisturbed.

 The relief asked of the Court by petitioner, if available to him at all, must be granted by three judges as provided by Sections 2282 and 2284, Title 28, United States Code. This is recognized by petitioner in a supplemental petition filed three days after his main pleading. Respondent moves for dismissal of both petitions. As to the main petition, it relies on the well recognized principle that administrative procedure must be exhausted in these matters before recourse to the Court. As to the motion for a three-judge court, the same ground for dismissal of the motion is urged with an added ground that there is no substantial constitutional question.

 When Radio Corporation of America v. United States, 341 U.S. 412, 771 S.Ct. 806, 95 L.Ed. 1062, was before the District Court, 95 F.Supp. 660, that Court said, 341 U.S. at page 415, 71 S.Ct. at page 807:

" '* * * we have been unable to free our minds of the question' as to why we should devote the time and energy which the importance of the case merits, realizing as we must that the controversy can only be finally terminated by a decision of the Supreme Court. * * * ' " (Emphasis theirs.)

In Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, 185, the substance of a great body of Supreme Court comments [1] re three-judge courts is epitomized:

"The Supreme Court has said, however, that (1) the three judge procedure is an extraordinary one, imposing a heavy burden on federal courts, with attendant expense and delay; a procedure, designed for a specific class of cases, sharply defined, which should not be lightly extended; (2) the limitations of the statute would be defeated were it enough to keep three judges assembled that a plaintiff could resort to a mere form of words in his complaint, with no support therefor in fact or law; * * *."

 In the present case the convening of a three-judge court appears particularly unnecessary as the administrative procedures now pending are by no means limited to questions arising under the statute challenged as unconstitutional and, as appears from the oral arguments of counsel, the Immigration Service has already widened the actual scope of its inquiry.

Further, the statute here challenged appears to be before the Supreme Court

1. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318; Ex parte Collins, 277 U.S. 565, 569, 48 S.Ct. 585, 72 L.Ed. 990; California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323; Pacific Electric Ry. Co. v. City of Los Angeles, 194 U.S. 112, 118, 24 S.Ct. 586, 48 L.Ed. 896.

in a case where direct appeal has been taken. The fact that a District Court did convene three judges and hear that case, is cited by petitioner as authority for this Court to hear the present case, and try anew in this District Court what another District Court has already decided and the Supreme Court is about to review. Administrative celerity can hardly decide petitioner's case until enough time has elapsed that there will be a Supreme Court determination of the question which may, but might not, be the basis of ultimate administrative decision in this matter.

The factual situation in International Longshoremen's & Warehousemen's Union, Local 37, v. Boyd, District Director, Immigration and Naturalization Service, D.C., 111 F.Supp. 802, upon which petitioner relies as authority for a three-judge court, is far different than the facts in this case. The statute there was directly and unavoidably before the court and no decision could be reached without considering the constitutionality of the statute.

■ It has been held in Smith v. Duldner, 6 Cir., 175 F.2d 629, 630, that an injunction will not lie " * * * where the complaining party has a plain, adequate, and complete remedy at law, and, generally, where an administrative remedy is provided by statute, it is such an adequate legal remedy as bars injunctive relief. * * * " The court held in that case that the widely applied rule requiring exhaustion of administrative remedies before seeking injunction is firmly applied *even when it is argued that the administrative regulations are unconstitutional.* The court stated, 175 F.2d at page 631:

" * * * *Courts will not usually anticipate a question of constitutional law in advance of the necessity of deciding it.* * * * " (Emphasis supplied.)

■ Petitioner is correct in his statement that it is an established right of aliens who are under deportation order to have their cases judicially reviewed.

Petitioner is not now such an alien. The Court does not know if he ever will be. A judicial forum is not the first but rather the last place he is entitled to consideration. Bringing the matter here must await exhaustion of administrative remedies. The fact that the review, if ever it properly reaches here, must be full, does not convert a right to judicial review into a practically impossible judicial preview.

At this time the matter is one for the Immigration and Naturalization Service. Until it has made its determination, there is nothing for the Court to review. Florentine v. Landon, as District Director of Immigration and Naturalization at Los Angeles, California, 9 Cir., 206 F.2d 870.

The Motion to Dismiss is granted.