The **DARLINGTON, Inc., Plaintiff,**

v.

**FEDERAL HOUSING ADMINISTRA-TION, Defendant.**

**Civ. A. No. 4741.**

United States District Court
E. D. South Carolina,
Charleston Division.

Sept. 22, 1955.

J. C. Long, Charleston, S. C., and Heman H. Higgins, Jr., Georgetown, S.C., for plaintiff.

Warren E. Burger, Asst. Atty. Gen., N. Welch Morrisette, Jr., U. S. Atty., Columbia S. C., Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C., Edward H. Hickey and Carl Eardley, Washington, D. C., for defendant.

Before PARKER, Circuit Judge, and TIMMERMAN and HOFFMAN, District Judges.

PER CURIAM.

Plaintiff is the owner of an apartment house at Charleston, S. C., covered by a mortgage which has been insured by the Federal Housing Administration pursuant to the provisions of the Federal Housing Act of 1934, 12 U.S.C.A. § 1703. The apartment house was erected and the mortgage thereon executed by plaintiff and insured by the Federal Housing Administration prior to the passage of the Federal Housing Act of 1954, 68 Stat. 590, and nothing in any of the contracts relating to the construction of. the apartment house, the execution of the mortgage thereon or the insuring of the same by the Federal Housing Administration limits the right of plaintiff with respect to the rental of apartments for transient purposes or for less than thirty days. Plaintiff has been renting apartments to transients and for less than thirty day periods and contends that it will sustain irreparable loss unless permitted to continue renting them in this way. Since the passage of the Federal Housing Act of 1954 the Federal Housing Administration has attempted to force plaintiff to desist from this rental practice, contending that same is forbidden by the provisions of that act. Plaintiff contends that the act should not be interpreted to apply to mortgages and guaranties thereof executed prior to its passage and that, if so interpreted, it is violative of provisions of the Constitution of the United States. In its complaint plaintiff asks a declaratory judgment establishing its rights in the premises and further asks that the commissioner be enjoined and restrained from interfering with its operation of the apartment project.

The defendant, Federal Housing Administration, and the Commissioner of the Federal Housing Administration, have filed an answer contending that plaintiff is bound by the provisions of the National Housing Act as amended

and all applicable rules and regulations of the Commissioner promulgated thereunder; and, under the provisions of the Act of 1954, they ask that plaintiff be enjoined and restrained from renting apartments for less than thirty days or from charging rentals therefor in excess of the schedules approved by the Commissioner.

The District Judge before whom the case was pending requested that a three-judge court be convened because injunctive relief was asked to restrain the enforcement of the Act of 1954 on the ground that it was unconstitutional; and this court of three judges has been convened pursuant to his request. An examination of the pleadings in the light of the applicable law, however, has convinced the members of the court that the case is not one for which a three-judge court is appropriate. While a substantial question as to the constitutionality of the statute in question is raised, if it be given retroactive application, the real question involved is one of statutory interpretation rather than the validity of the statute and, what is conclusive on the matter of the necessity for a three-judge court, the pleadings do not disclose a case where the granting of an injunction would be proper. There is no allegation that defendants are about to institute criminal proceedings against plaintiff, and an examination of the applicable statutes fails to disclose any criminal proceedings which would be applicable to the facts as pleaded. Action under the statute against plaintiff by the Administrator would be by way of injunctive relief; and it is well settled that an injunction will not issue to restrain the issuance of an injunction. Carolina-Virginia Racing Association v. Cahoon, 4 Cir., 214 F.2d 830, 833–834; Ritholz v. North Carolina State Board of Examiners in Optometry, D.C., 18 F.Supp. 409. Even if criminal prosecutions could be instituted, it is likewise well settled that injunction will not issue to enjoin the enforcement of criminal statutes in the absence of a clear showing that this is necessary for the protection of property rights. Carolina-Virginia Racing Association v. Cahoon, supra; Standard Oil Co. of New Jersey v. City of Charlottesville, 4 Cir., 42 F.2d 88, 93–94; Stefanelli v. Minard, 342 U.S. 117, 120, 72 S.Ct. 118, 96 L.Ed. 138; Watson v. Buck, 313 U.S. 387, 401, 61 S.Ct. 962, 85 L.Ed. 1416.

It should be noted, further, that the defendants have asked an injunction in their answer; and the court's ruling on this will determine finally the rights of the parties without consideration of plaintiff's prayer for injunction. A three-judge court is, of course, not appropriate for the determination of the Administration's right to an injunction under the act. The case, therefore, is not one in which injunctive relief to plaintiff would be appropriate in any aspect. Since there is no ground for issuing an injunction on the prayer of plaintiff, on the present state of the pleadings, there is no reason for a three-judge court; for only where injunction could be issued restraining the enforcement of a statute is a three-judge court required. See 28 U.S.C. § 2282. We think it clear that this section is to be strictly construed for the same reasons as section 2281. See Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 375, 69 S.Ct. 606, 93 L.Ed. 741; Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318; Ex parte Collins, 277 U.S. 565, 569, 48 S.Ct. 585, 72 L.Ed. 990.

The three-judge court will, accordingly, be dissolved and the case will be heard by Judge HOFFMAN sitting by designation in the Eastern District of South Carolina.