Ralph SHINABERRY, Plaintiff,

v.

The UNITED STATES of America, acting through the County Production and Marketing Administration Committee for Hillsdale County, State of Michigan, Hillsdale, Michigan, Defendant.

Civ. A. No. 2485.

United States District Court
W. D. Michigan, S. D.

June 26, 1956.

Otto W. Hess, George A. Meekison, Napoleon, Ohio, for plaintiff.

Wendell A. Miles, U. S. Dist. Atty., Grand Rapids, Mich., for defendant.

KENT, District Judge.

Plaintiff has commenced this action in an effort to restrain the Government from collecting penalties for violation of the Acts of Congress fixing wheat quotas,[1] alleging that the same are unconstitutional.

The matter is before the Court on the Government's motion to dismiss plaintiff's complaint, first, because the complaint fails to state a claim against the defendant upon which relief can be granted; second, on the ground that the United States of America has not granted consent to be sued, and, third, because the Secretary of Agriculture is an indispensable party and has not been made a party.

Pursuant to statute[2] a three-judge court was convened because a constitutional question was involved and the Honorable Thomas F. McAllister, United States Circuit Judge, and the Honorable Raymond W. Starr, United States District Judge, were designated to sit with the writer by the Honorable Charles C. Simons, Chief Judge for the United States Court of Appeals for the Sixth Circuit. Oral arguments were had and briefs have been filed. For reasons which will hereinafter appear, the Court is satisfied that there is no basis for a three-judge court because it is not necessary to rule upon the constitutional question raised. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 1933, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318; Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp.

1. Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1281 et seq.

2. 28 U.S.C.A. §§ 2282, 2284.

179, affirmed 77 U.S.App.D.C. 114, 133 F.2d 47, certiorari denied 319 U.S. 750, 63 S.Ct. 1158, 87 L.Ed. 1704.

 It is well settled that the United States cannot be sued without its consent and also that it need not provide a judicial remedy against itself. 1 Cyc. Fed.Proc. § 2.26; 1 Barron & Holtzoff Fed.Prac. & Proc. § 54, and cases therein cited.

During the hearing on the motion and in the briefs, the plaintiff, through his counsel, does not dispute this statement of law but rather contends that the United States has consented to this suit. Plaintiff cites in support of his position 28 U.S.C. § 2410, which in part reads as follows:

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

Plaintiff claims that his action is in fact an action to quiet his title to the wheat which he has grown in excess of the quota provided under the statute. He claims that the United States has asserted a lien against such wheat and therefore this action is authorized by the quoted section of 28 U.S.C. § 2410.

A somewhat similar question was raised in Viviano v. United States, D.C.E.D. Mich.1952, 105 F.Supp. 312, at page 314, wherein the Court said:

"Notwithstanding the original complaint in this case is labeled 'Petition to Quiet Title' based on Title 28 U.S.C.A. § 2410, the facts as established and the briefs presented in series prompt this court to the conclusion that this petition was not commenced to determine title but was in effect nothing more than a suit to enjoin the collection of taxes in deviation of procedure set forth by Congress with respect to refund of internal revenue taxes.

"That an action is captioned so as to bring it within the court's jurisdiction is not sufficient."

The statute under which the imposition of penalty could be made is Title 7 U.S. C.A. § 1340, Section 1372 provides for the collection of such penalty and also provides for a means of refund if the "penalty was erroneously, illegally, or wrongfully collected". Section 1376 makes provision for suit to collect such penalty, and Section 1340(4) provides for a lien on the entire crop of wheat produced on a farm for the amount of the penalty for any excess grown. See Blattner v. United States, D.C.Pa.1955, 127 F. Supp. 628, affirmed, 3 Cir., 1955, 223 F.2d 468.

 This court is satisfied that the provisions of 28 U.S.C. § 2410 were not intended to apply to a situation such as the plaintiff alleges in this case. Statutes granting consent to sue and thereby surrendering sovereign immunity must be literally and narrowly construed. Wallace v. United States, 2 Cir., 142 F.2d 240; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058.

 Any doubts as to consent or jurisdiction of the court should be resolved in favor of the United States. 1 Cyc. Fed.Proc. § 2.34 and cases therein cited.

 The court is satisfied that this action was not instituted for the purpose of quieting the title to the crop of wheat involved but was instituted for the purpose of restraining the Government from collecting a statutory penalty.

For the reasons herein stated the motion to dismiss must be granted for the reason that the United States has not consented to be sued and the action is dismissed. An order may be entered accordingly.