The DARLINGTON, Inc., Plaintiff,

v.

FEDERAL HOUSING ADMINISTRA-
TION, Defendant.

Civ. A. No. 4741.

United States District Court
E. D. South Carolina,
Charleston Division.

July 13, 1957.

———◆———

J. C. Long, Charleston, S. C., H. H. Higgins, Jr., Georgetown, S. C., William Grant, Denver, Colo., for plaintiff.

Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C., Carl Eardley, Sp. Atty., Dept. of Justice, Washington, D. C., for defendant.

Before HAYNSWORTH, Circuit Judge, and TIMMERMAN and HOFFMAN, District Judges.

PER CURIAM.

In this declaratory judgment proceeding, plaintiff, the owner and mortgagor of a twelve-story multifamily apartment building financed under the provisions of Title VI, sec. 608, of the National Housing Act, 12 U.S.C.A. § 1743, seeks a declaration of its rights to lease certain apartments in said project for periods of less than 30 days.

When the action was originally presented to District Judge Hoffman, sitting by designation, the District Judge requested that a three-judge court be convened because injunctive relief was asked to restrain an Act of Congress passed in 1954[1] on the ground that it was unconstitutional. The three-judge court, in a per curiam opinion reported in D.C., 134 F.Supp. 337, was dissolved and Judge Hoffman proceeded to hear the merits of the controversy. The opinion of the single Judge is reported at D.C., 142 F.Supp. 341. The Federal Housing Administration appealed directly to the United States Supreme Court where probable jurisdiction was noted, the judgment was reversed, and the case was remanded for consideration by a

[1]. Housing Act of 1954, Public Law 560, 83rd Congress, Chapter 649, 2nd Session, H.R. 7839, 12 U.S.C.A. § 1731b.

three-judge district court. 352 U.S. 977, 77 S.Ct. 381, 1 L.Ed.2d 363.

In obedience to the mandate issued pursuant to the aforesaid action, the three-judge district court was convened. Counsel agreed, with the introduction of one additional exhibit and the supplementary testimony of one witness, to submit the matter on the basis of the record presented to District Judge Hoffman.

Upon consideration of the entire record, the briefs and argument of counsel, this court is in accord with the opinion of Judge Hoffman and herein incorporates the same by reference. With one minor correction and a brief comment as to our views, we are adopting the findings and conclusions of District Judge Hoffman.

It is stated in the opinion that the Act grants preferences to war workers and veterans. A review of the provisions leads us to the conclusion that the preference established by Congress was confined to veterans and their families. War workers are not mentioned therein. In this connection it will be noted that at no time since the completion of plaintiff's apartment project in July, 1951, has any person entitled to priority been rejected or required to wait any period of time to obtain occupancy of an apartment.

When Congress passed the Housing Act of 1954 declaring its intent "since the enactment of the National Housing Act" to the effect that housing built with the aid of mortgages insured under the former Act was to be used "principally for residential use", it injected the last quoted words into the Act relating to "608 projects" for the first time. True, similar language had been used in related provisions of the National Housing Act, but the amplification of this "intent" to exclude the use of such housing for transient or hotel purposes while the insurance on the mortgage was outstanding makes its first appearance in the Act of 1954.

We cannot agree that an absolute prohibition, as here applied against rentals for less than thirty days, is within the reserved power of the Federal Housing Authority to regulate rentals and methods of operation as provided in the Act prior to the 1954 amendment.

There is little doubt but that this project was designed "principally for residential use" within the meaning of the National Housing Act of 1934, and that all but a small proportion of the rentable space is rented for periods exceeding 30 days. The evidence is uncontradicted that no qualified applicant has been delayed in obtaining, or denied, occupancy of apartments under leases of 30 days or more. The operators of the project do not undertake to provide many of the services expected by guests in hotels. All that is involved here is the right of the mortgagor to lease apartments, otherwise unrentable, for periods of less than 30 days.

To the extent that transient rentals may have interfered with the project's service of the stated purpose of the Act, there is room for argument that the Authority could, prior to the 1954 amendment, exercise its reserved power to regulate the methods of operation, and it may be contended that such power extends to the prohibition of transient rentals although we do not find it necessary to so declare. But when no such interference is shown, the only effect of the prohibition is to impair the financial ability of the mortgagor to meet its obligations under the mortgage.

The reserved power to regulate methods of operation is referable to, and limited by, the stated and implied purposes of the Act. It cannot be construed to extend to a regulation which, as applied, serves no purpose of the Act, but contravenes the general purpose of the Act by increasing the likelihood of financial loss under the guaranty of the mortgage.

Since Judge Hoffman rendered his opinion in this case, the Federal Housing Administration has prepared and caused to be circulated a revised model form of certificate of incorporation which strictly limits the right to rent units for peri-

ods of less than 30 days. We find no fault with the right of Congress to provide such limitations as to projects not committed at the time of the passage of the Act of 1954, or the power of the Commissioner under Section 513(c) of the Act of 1954 to impose such restrictions as a condition of a grant of an extension of the term of the insurance. We merely hold that the Act of 1954 is not to be given a retroactive effect to previously committed projects except to the extent it is within the reach of the reserved power of regulation.

Order accordingly.