In the Matter of DOROTHY P. HODES, Respondent.    1299 REALTY CORP., Appellant.

Order affirmed, with $20 costs and disbursements to the respondent.

COHN, J. (dissenting). Within a short time after 1299 Realty Corporation was organized in August, 1947, it acquired title to an apartment house known as 1299 Grand Concourse, in the city of New York. Its charter shows that it was incorporated for the purpose of buying, selling, owning and holding real prop-

erty, improved or unimproved, managing the same and generally dealing in real estate.

The property was sold in September, 1950, without notice to the petitioner, who is the owner of five shares of the oustanding fifteen shares of stock of 1299 Realty Corporation. Petitioner now demands an appraisal of her stock, claiming that a sale by the corporation of its sole asset during the thirteen years of its existence was not a sale in the ordinary course of business.

It appears that upon the sale 1299 Realty Corporation received a substantial sum in cash and a purchase money mortgage, which mortgage is not due until 1960. The president of the corporation makes affidavit that the corporation intends to continue to function and to conduct its real estate business by the purchase of other parcels of real property.

Under the provisions of sections 20 and 21 of the Stock Corporation Law, where a corporation sells its property, the transaction being tantamount to a virtual dissolution of the corporation, a stockholder is entitled to an appraisal. There must be a sale of all the assets of the corporation or some department constituting an important element of its business. (*Epstein* v. *Gosseen*, 235 App. Div. 33, 36; *Matter of Leventall*, 241 App. Div. 277, 282; *Matter of United Gas Corp.*, 58 F. Supp. 501, 513, affd. 162 F. 2d 409.) The tests applied by the courts in determining whether property sold by a corporation is of such a nature as to require a two-thirds vote of its stockholders and to permit a dissenting stockholder to have an appraisal of his stock "is not the amount involved, but the nature of the transaction, whether the sale is in the regular course of the business of the corporation and in furtherance of the express objects of its existence, or something outside of the normal and regular course of its business. (*Matter of Timmis*, 200 N. Y. 177, 181, 182.)" (*Matter of Miglietta [2660 Broadway Corp.]*, 287 N. Y. 246, 254.) Here, the sale was in the normal and regular course of the corporation's business.

Had the 1299 Realty Corporation sold the apartment house within a brief period after it was purchased, it could not have been urged seriously that such a sale was not made in the ordinary course of its corporate business. The validity of titles is not dependent upon whether a grantor corporation organized to buy and sell real property held a single piece of property for thirteen years or for thirteen months. The time element does not affect the nature of the transaction where, as here, the sale is one made in the regular course of the business of the corporation and is in furtherance of the express objects of its existence.

This is not a case where the corporate charter provides that the corporation was organized primarily to hold the specific realty and had the incidental power to buy and sell other property. No weight can be accorded the fact that the 1299 Realty Corporation has in its name the street number of the apartment house. Parenthetically, it may be observed that the property involved herein was conveyed to the 2295 Realty Corp.

The order should be reversed and the application denied.

Dore, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in decision; Cohn, J., dissents and votes to reverse and deny the application, in an opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 926.]