MAX EISEN, Appellant, *v.* JOHN POST, JR., et al., Respondents.

First Department, March 29, 1956.

*Justin M. Golenbock* of counsel (*Goldstein, Golenbock & Barell,* attorneys), for appellant.

*Joseph Feldman* of counsel (*Herbert M. Rosenberg* and *Irwin H. Rosenberg* with him on the brief; *Rosenberg & Rosenberg,* attorneys), for John Post, Jr., and others, respondents.

*Irving D. Lipkowitz* of counsel (*Roy Plaut* and *William Hughes Lewis* with him on the brief; *Lipkowitz, Plaut & Lewis,* attorneys), for Louis Schweitzer, respondent.

*Per Curiam.* In this action plaintiff seeks to set aside the sale and conveyance by defendant Senior Estate, Ltd. to defendant Louis Schweitzer of a lease on premises known as " Theatre de Lys ", together with certain chattels therein. The defendants John Post, Jr., and Anita Post Litsky are stockholders and directors of the defendant Senior Estate, Ltd. The defendant Joseph Feldman, an attorney, represented Senior Estate, Ltd., in the transaction.

The complaint contains four causes of action. In substance, the first cause of action recites that the defendant Senior Estate, Ltd., is a corporation with an authorized capital stock of 100 shares, of which the plaintiff is the holder of 50 shares, the defendant Post the holder of 25 shares, and the defendant Litsky the owner of the remaining 25 shares. It then alleges that the defendants Post, Litsky, Schweitzer and Feldman conspired to defraud and deceive the corporation and the plaintiff in that they sought to divest plaintiff of his interest in the corporation and the assets of the corporation, and to waste corporate assets and that in furtherance thereof, the defendants conveyed to Schweitzer the assets of said corporation, to wit, its leasehold and the chattels contained in the premises so transferred.

The second cause of action, directed only against the defendants Post and Litsky, charges that the sale and transfer of the subject leasehold was in violation of section 20 of the Stock Corporation Law in that the consent of all the holders of the outstanding stock was not obtained, and that no notice of a meeting of stockholders for the purpose of disposing of this asset of the corporation was called pursuant to section 45 of the Stock Corporation Law.

The third cause of action charges a conspiracy on the part of Litsky and Post as directors of the corporation to commit acts of waste with respect to the corporation, principally in the payment of a fee for legal services to defendant Feldman.

The fourth cause of action is directed solely against the defendant Schweitzer and seeks to restrain him from the use of the property and to compel him to account for the income.

After a trial, the learned court below directed judgment in favor of all defendants.

One of the sharply disputed issues revolved around an alleged oral consent to the sale by the plaintiff, the holder of a 50% stock interest in the corporation. Plaintiff denied giving such consent. The defendants offered proof that he did. We must assume that the trial court found as a fact that such consent was given from the finding in favor of the defendants on all "crucial issues."

In *Epstein* v. *Gosseen* (235 App. Div. 33) the principle was enunciated that a real estate corporation actively engaged in the purchase and sale of real property could treat such transfers as commodities traded in the ordinary course of business. Consequently the consent of stockholders pursuant to section 20 was not required for a routine sale in the regular course of business by a real estate corporation. The trial court undoubtedly familiar with the decision referred to and equally cognizant of the frequent practice by real estate corporations of disregarding the provisions of section 20 found, as a matter of fact and law, that the defendant Senior Estate, Ltd. was a real estate corporation and that therefore the sale of its leasehold did not come within the protective requirements of section 20 of the Stock Corporation Law.

We must disagree with the conclusion reached by the trial court in this respect.

Even assuming that the plaintiff orally consented to the transfer of the leasehold as determined by the trial court, we must hold that such consent does not comply with the statutory requirement.

Section 20 of the Stock Corporation Law prior to its amendment in 1954 read as follows in its pertinent provisions: "A stock corporation * * * with the consent of the holders of record of two-thirds of its outstanding shares entitled to vote thereon may sell and convey its property, rights, privileges and franchises, or any interest therein or any part thereof * * *. Before such sale or conveyance shall be made such consent shall be obtained at a meeting of the stockholders called pursuant to section forty-five." (L. 1934, ch. 764.)

Predicated upon the quoted section before amendment, it was held that when oral consent was not disputed by a stockholder, the sale of corporate assets would be sustained as valid.

By chapter 810 of the Laws of 1954, effective April 19, 1954, an amended section 20 was enacted, which reads as follows: "A stock corporation * * * may voluntarily sell, lease or

exchange its property, rights, privileges and franchises, or any interest therein or any part thereof; provided, however, that if such sale, lease or exchange is not made in the regular course of business of the corporation and involves all or substantially all of its property, rights, privileges and franchises, or an integral part thereof essential to the conduct of the business of the corporation, such sale, lease or exchange shall not be made without the consent of either the holders of record of all of its outstanding shares entitled to vote thereon given in writing without a meeting or the holders of record of two-thirds of its outstanding shares entitled to vote thereon obtained at a meeting of the stockholders called pursuant to section forty-five.''

Accordingly, it is manifest that the Legislature, for reasons which it deemed adequate and sufficient, has materially changed the corporate requirements with respect to the sale of corporate property and assets. The amended section, it will be noted, provides that in the absence of a meeting called pursuant to section 45, the consent of *all* rather than two thirds of the holders of the outstanding stock must be obtained. Of equal significance is the requirement that the consent must be *in writing*.

The record discloses that the leasehold and the appurtenances were the only assets of the corporation. It is obvious, therefore, that the transaction was a sale of '' all or substantially all of its property  *   *   *   or an integral part thereof essential to the conduct of the business of the corporation ''.

The proof at the trial established that no meeting was held pursuant to section 45 and the alleged consent obtained was oral.

The sale of the leasehold and its appurtenances by defendant Senior Estate, Ltd., to defendant Schweitzer is null and void. In the circumstances there must be a reconveyance of the leasehold and its appurtenances to Senior Estate, Ltd., and correspondingly a return of the purchase price to Schweitzer subject to an accounting for the reserved rents from the date of conveyance to the date of reconveyance.

We affirm the determination on the law and the facts with respect to the first and third causes of action. With respect to the first cause of action, the conspiracy alleged among Post, Litsky, Schweitzer and Feldman was not sustained by the proof. With respect to the third cause of action, plaintiff and the corporation will receive the relief to which they are entitled under the second and fourth causes of action.

We reverse on the law with respect to the second and fourth causes of action.

The judgment should be modified accordingly. Settle order.

BREITEL, J. P., BOTEIN, ROBIN, COX and FRANK, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein. Settle order.