Irving H. Saypol, J.
Motion as an application for an order directing an appraisal and payment for the petitioners’ stock (Stock Corporation Law, §§ 20, 21) in respondent corporation is granted.
The respondent was incorporated in 1934 as part of the reorganization in the course of foreclosure of a defaulted mortgage on the leasehold and building at 1775 Broadway known as the General Motors Building, pursuant to section 77B of the Bankruptcy Act (U. S. Code, tit. 11, § 207). The approval of a contract for the sale of the property has evoked the dissent of the petitioners as objecting stockholders. Such issues of fact as are raised by the pleadings and affidavits are formal and immaterial. In any event, there is no contention on that point in the respondent’s briefs nor is there demand for an alternative order directing a trial. The vigorously urged essence of its opposition is focused on the proposition that it is a salvage instrumentality conceived, preordained and predestined to a restricted life depending upon the liquidation of its only asset, so that the transaction is regular and in the ordinary course of its business. It is also urged that the petitioners by original and subsequent conduct have directly or impliedly consented to the sale, thereby waiving their rights to the relief which they now seek.
It is conceded that the certificate of incorporation of Broadway and 58th Street Corporation is silent about salvage or liquidation or restriction of its business to those purposes. Rather the conceded fact is that the certificate in seven pages precisely recites the broad powers granted in perpetuity to the corporation such as are ordinarily to be found in certificates of incorporation for corporations intended to operate in perpetuity in extensive business activities dealing in real estate. It is plain from almost all of the underscored quotations from documents in the reorganization that the objective was preservation and restoration, not salvage and liquidation. The authorities urged by the respondent are not only distinguishable but in their particular facts are the authority for the relief demanded here. Matter of Miglietta (287 N. Y. 246, 249) deals with a salvage corporation of limited purpose. The majority opinion, *445 per Finch, J., cites the specific statutory sources (Personal Property Law, § 21; Decedent Estate Law, § 111) which authorized its creation as a salvage corporation “ for the purpose of liquidating property acquired by a fiduciary on the sale of mortgaged property ” and makes direct reference to the related restricted powers and purposes stated in its certificate of incorporation, viz., to sell the real property in question and to be dissolved upon final liquidation. Continental Bank & Trust Co. v. W. A. R. Realty Corp. (270 App. Div. 577) is to the same effect, although the decision is expressly restricted by the court, at page 580, to its facts. At page 581, Done, J., for the majority discusses the uniformity in all the related documents, the order, the plan of reorganization, especially the certificate of incorporation showing that the purpose was “ to carry out the liquidation for which the corporation was primarily organized, after which its certificate provides that the corporation be dissolved.” Applying the test here as suggested in Matter of Timmis (200 N. Y. 177) cited in Matter of Miglietta (supra, p. 254) it is plain from the provisions of the various instruments and documents concededly otherwise that Broadway is not in the same category.
The next argument of the respondent is that the petitioners by conduct and consent either directly or impliedly have waived the right to object. The answer lies in the ascertainment of the rights of these stockholders according to the provisions of sections 20 and 51 of the Stock Corporation Law. At common law there could be no corporate suicide but under section 20, strictly interpreted in favor of the stockholder, corporate destruction became permissible, subject to the right of appraisal and payment (Eisenberg v. Central Zone Property Corp., 306 N. Y. 58, 67). That was the very least available to the dissenting stockholder (Beloff v. Consolidated Edison Co. of N. Y., 300 N. Y. 11, 19). The stockholder could consent to such a sale and waiver in a section 77B of the Bankruptcy Act reorganization (Blumenthal v. Roosevelt Hotel, 202 Misc. 988, 993, citing Matter of Bacon [Susquehanna Silk Mills], 287 N. Y. 1). But that consent must be specific, as I see it, at least until September 1, 1951 (the effective date of the amendment of Stock Corporation Law, § 51 [L. 1951, ch. 170, § 1]). The Law Revision Commission sponsored the amendment to section 51 of the Stock Corporation Law. In its report (N. Y. Legis. Doc., 1951, No. 65 [G]) it is stated that (as section 20 of the Stock Corporation Law read in 1934 when Broadway was incorporated) in the absence of specific exclusion in its certificate of incorporation of the right to vote stock on a sale, such *446 a right could not be withheld. Before the amendment of 1951 the effect of silence in the certificate of incorporation as to six subjects, including sale of the corporation’s property, preserved the right. The 1951 amendment by express provision is not retroactive. So that neither the latter amendment nor the later change by amendment of section 20 of the Stock Corporation Law in 1954 (L. 1954, ch. 810) is effective here.
In the same way, the general provision in Paragraph Tenth of the certificate of incorporation purporting to bind every stockholder of the corporation to its transactions upon ratification by a majority of the stockholders at any annual meeting or any special meeting called for such purpose, and the insertion of Article IV, Section 11 in the Supplemental Indenture in 1943 purporting to limit the business of the corporation to management of its assets and to their liquidation, are without effect and are not in substitution of the objecting stockholders’ rights herein in the absence of appropriate specification in the certificate of incorporation. Nor are the petitioners bound by the votes of the voting trustees (Matter of Bacon [Susquehanna Silk Mills], supra).
The contention that the transaction is for the sale of real estate which is the business of the corporation and thereby makes it in the regular course of its business, is rejected by the decision in Matter of Hodes [1299 Realty Corp.], (278 App. Div. 803).
Settle order.